(8 Misc. Rep. 430.)

### HALL STEAM–POWER CO. v. CAMPBELL PRINTING–PRESS & MANUF'G CO.

(Superior Court of New York City, General Term. May 7, 1894.)

LANDLORD AND TENANT—HOLDING OVER—LIABILITY FOR RENT.

    Where a lessee sublets part of the premises, and the subtenant holds over after the expiration of the original lease, the effect is the same as if the lessee had personally remained in possession. 25 N. Y. Supp. 106, affirmed.

Appeal from jury term.

Action by the Hall Steam-Power Company against the Campbell Printing-Press & Manufacturing Company. From a judgment entered on a verdict directed by the court in favor of plaintiff, and from an order denying a motion for a new trial (25 N. Y. Supp. 106), defendant appeals. Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

Chas. De Hart Brower, for appellant.
S. Keeler, for respondent.

FREEDMAN, J. The action was brought by the plaintiff, as landlord, to recover damages from the defendant, as tenant, for an alleged wrongful withholding from plaintiff of the demised premises after the expiration of the term. Upon the trial it appeared that the withholding consisted in the fact that a third party, who may be justly deemed to have been a subtenant, remained in possession. The weight of authority seems to be, and the majority of the text writers agree, that, if the tenant has let the whole or any part of the premises to a subtenant who is in possession at the time of the determination of the term, he must get him out, for otherwise he will not be in a situation to render that complete possession to which the landlord is entitled, and that, if he omit to do so, the landlord has his election to sue for rent or for damages. In the case at bar the complaint, as a whole, is for the recovery of damages, but it also contains all the facts necessary to be alleged to sustain a recovery as for rent. The plaintiff, upon the trial, was therefore in a position to waive the tort, and to recover as upon contract. The learned trial judge directed a verdict for one month's rent only, with interest. If the action had been determined as one for damages, the result, upon the facts disclosed, would have been a verdict for a larger amount. Upon the whole case substantial justice was done. The judgment and order should be affirmed, with costs.